IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michelle Lees,<br><br>     Plaintiff,<br><br>v.<br><br>CW Nexus Credit Card Holdings I, LLC, Credit Control, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and TransUnion, LLC.<br><br>     Defendants. | **Complaint for a Civil Case**<br><br>Case No. CV- 22-8764<br><br>**JURY TRIAL DEMAND** |

COMES NOW Plaintiff, Michelle Lees, by and through counsel undersigned, and for his Complaint against the Defendants, alleges as follows:

## **INTRODUCTION**

1.     This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, damaging Plaintiff.

## **PARTIES**

2.     Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Orange, New York.

3.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, CW Nexus Credit Card Holdings I, LLC, ("CW Nexus") is and at all times relevant hereto was, a financial institution regularly doing business in the State of New York.

5. At all times pertinent hereto, Defendant CW Nexus was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Credit Control, LLC, ("Credit Control") is and at all times relevant hereto was, a collections institution regularly doing business in the State of New York.

7. At all times pertinent hereto, Defendant Credit Control was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

8. Credit Control is a "debt collector" as defined by § 1692a(6).

9. Defendant Experian Information Solutions, Inc., ("Experian"), is a credit reporting agency, licensed to do business in New York and all times relevant hereto was, regularly doing business in the State of New York.

10. Defendant Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in New York and all times relevant hereto was, regularly doing business in the State of New York.

11. Defendant TransUnion, LLC ("TransUnion"), is a credit reporting agency, licensed to do business in New York and all times relevant hereto was, regularly doing business in the State of New York.

12. Experian, Equifax, and TransUnion are each regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

13. Experian, Equifax, and TransUnion each furnish such consumer reports to third

parties under contract for monetary compensation.

14. At all times pertinent hereto, Defendant Experian, Equifax, and TransUnion were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f), licensed to do business in New York as a Foreign Limited Liability Company.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

16. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Orange County, New York and Defendants do business in New York.

17. Personal jurisdiction exists over Defendants as Plaintiff resides in New York, Defendants have the necessary minimum contacts with the state of New York, and this suit arises out of specific conduct with Plaintiff in New York.

## FACTUAL ALLEGATIONS

18. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant CW Nexus, Credit Control, Experian, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

19. Experian, Equifax, and TransUnion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

20. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

21. Experian, Equifax, and TransUnion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

22. The Credit Control debt account in question arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

23. Credit Control acquired the debt after it was allegedly in default.

24. Credit Control uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

25. Credit Control regularly collect or attempt to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due.

26. On or around September 2021, Plaintiff discovered Defendant CW Nexus was erroneously reporting a CW Nexus account (the "CW Account") as having a past due balance on Plaintiff's Experian and Equifax consumer reports.

27. On or about August 2022, Plaintiff discovered Defendant Credit Control was erroneously reporting an account (the "Credit Control Account") as having a past due balance on Plaintiff's TransUnion consumer report.

28. The Credit Control Account is a collection account that reports the same debt as the CW Account.

29. Plaintiff settled the CW Account and paid the settlement in full.

30. Despite the CW Account being settled and paid in full by Plaintiff, Defendants CW Nexus and Credit Control both continued to report a balance past due on Plaintiff's consumer credit reports

31. The reporting of a balance past due on the Accounts is not accurate because Plaintiff's financial obligation on the CW Account was satisfied.

32. The false information regarding the CW Nexus Account and Credit Control Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

33. On or about September 2021, Plaintiff sent a written dispute to Experian (the "Experian Dispute") and Equifax (the "Equifax Dispute"), disputing the inaccurate information regarding the CW Nexus Account reporting on Plaintiff's Experian and Equifax consumer report.

34. Upon information and belief, Experian and Equifax forwarded Plaintiff's Experian and Equifax Dispute (collectively the "CW Disputes") to Defendant CW Nexus.

35. Upon information and belief, CW Nexus received notification of Plaintiff's CW Disputes.

36. Upon information and belief, CW Nexus verified the erroneous information associated with the CW Nexus Account to Experian and Equifax.

37. CW Nexus did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the CW Nexus Account.

38. Experian and Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the CW Nexus Account.

39. Upon information and belief, CW Nexus failed to instruct Experian and Equifax to remove the false information regarding the CW Nexus Account reporting on Plaintiff's consumer reports.

40. Experian and Equifax each employed an investigation process that was not reasonable and did not remove the false information regarding the CW Nexus Account identified in Plaintiff's CW Disputes.

41. At no point after receiving the CW Disputes did CW Nexus, Experian, or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's CW Disputes.

42. Experian and Equifax relied on their own judgment and the information provided to them by CW Nexus, rather than grant credence to the information provided by Plaintiff.

43. On or about August 2022, Plaintiff sent a written dispute to TransUnion (the "TransUnion Dispute") disputing the inaccurate information regarding the Credit Control Account reporting on Plaintiff's TransUnion consumer report.

44. Upon information and belief, TransUnion forwarded Plaintiff's TransUnion Dispute to Defendant Credit Control.

45. Upon information and belief, Credit Control received notification of Plaintiff's TransUnion Dispute.

46. Upon information and belief, Credit Control verified the erroneous information associated with the Credit Control Account to TransUnion.

47. Credit Control did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Credit Control Account.

48. TransUnion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Credit Control Account.

49. Upon information and belief, Credit Control failed to instruct TransUnion to remove the false information regarding the Credit Control Account reporting on Plaintiff's consumer reports.

50. TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Credit Control Account identified in Plaintiff's TransUnion Dispute.

51. At no point after receiving the TransUnion did Credit Control or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's TransUnion

Dispute.

52. TransUnion relied on their own judgment and the information provided to it by Credit Control, rather than grant credence to the information provided by Plaintiff

### COUNT I – EXPERIAN, EQUIFAX, AND TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

53. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

54. After receiving the Experian Dispute, Experian failed to correct the false information regarding the CW Nexus Account reporting on Plaintiff's Experian consumer report.

55. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the CW Nexus Account reporting on Plaintiff's Equifax consumer report.

56. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Credit Control Account reporting on Plaintiff's TransUnion consumer report.

57. Defendants Experian, Equifax, and TransUnion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian, Equifax, and TransUnion published and maintained concerning Plaintiff.

58. As a result of this conduct, action, and inaction of Defendants Experian, Equifax, and TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. Defendants Experian, Equifax, and TransUnion's conduct, action, and inaction was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60. In the alternative, Defendants Experian, Equifax, and TransUnion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian, Equifax, and TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EXPERIAN, EQUIFAX, AND TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

62. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

63. After receiving the Experian Dispute, Experian failed to correct the false information regarding the CW Nexus Account reporting on Plaintiff's Experian consumer report.

64. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the CW Nexus Account reporting on Plaintiff's Equifax consumer report.

65. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Credit Control Account reporting on Plaintiff's TransUnion consumer report.

66. Defendants Experian, Equifax, and TransUnion each violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

67. As a result of this conduct, action and inaction of Defendants Experian, Equifax, and TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. Defendants Experian, Equifax, and TransUnion's conduct, action, and inaction was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69. In the alternative, Defendants Experian, Equifax, and TransUnion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian, Equifax, and TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – CW NEXUS

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B))

71. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

72. After receiving the CW Dispute Letters, CW Nexus failed to correct the false information regarding the CW Nexus Account reporting on Plaintiff's Equifax and Experian consumer reports.

73. Defendant CW Nexus violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant CW Nexus's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant CW Nexus's representations to consumer credit reporting agencies, among other

unlawful conduct.

74. As a result of this conduct, action, and inaction of Defendants CW Nexus, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

75. Defendants CW Nexus's conduct, action, and inaction was willful, rendering CW Nexus liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

76. In the alternative, Defendants CW Nexus was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

77. Plaintiff is entitled to recover costs and attorneys' fees from Defendant CW Nexus pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV – CREDIT CONTROL
### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B))

78. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

79. After receiving the TransUnion Dispute, Credit Control failed to correct the false information regarding the Credit Control Account reporting on Plaintiff's TransUnion consumer reports.

80. Defendants Credit Control violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Credit Control's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Credit Control's representations to consumer credit reporting agencies, among other unlawful conduct.

81. As a result of this conduct, action, and inaction of Defendant Credit Control, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82. Defendant Credit Control's conduct, action, and inaction was willful, rendering Credit Control liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83. In the alternative, Defendant Credit Control was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

84. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Credit Control pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT V – CREDIT CONTROL

**(Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)**

85. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

86. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

87. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

88. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'"

*Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

89. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

90. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221).

91. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

92. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

93. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

94. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

95. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

96. Credit Control violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debts, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants, jointly and severally, for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Credit Control for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

E. Trial by jury.

F. An adjudication that Credit Control violated 15 U.S.C. § 1692e;

G. Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

H. Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

I. Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted October 14, 2022

**The Law Office of Maureen B. Godfrey, PLLC**
By: /s/ *Maureen B. Godfrey*
Maureen B. Godfrey
23 Roosevelt Avenue
Massapequa, NY 11762
(718) 490-4155
Attorneys for Plaintiff